IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEROY W. GREER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-284-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Doc. No. 24]. Plaintiff seeks an award of fees in the amount of $6,996.00 paid to his attorney of record, John S. Roose, for 41.4 hours of work done on the case, and an award of costs in the amount of $350.00 to reimburse him for the filing fee. Plaintiff is the prevailing party in this action under 42 U.S.C. § 405(g) by virtue of the Judgment and Order of Remand entered March 24, 2009. The Commissioner has filed a response to the Motion stating that he does not oppose the fee request, except that any award must be paid to Plaintiff rather than his attorney. *See Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007), *cert. denied*, 129 S. Ct. 486 (2008).

After consideration of the law, the record, and the arguments of the parties, the Court finds: (1) the Commissioner's position was not substantially justified; (2) Plaintiff is entitled to attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d); (3) the amount of attorney fees requested is reasonable; and (4) the award must be paid to Plaintiff pursuant to *Manning*. Although Plaintiff has submitted an affidavit stating that he assigns his entitlement to his attorney as compensation, such an assignment "does not overcome the clear EAJA mandate that the award is to [the claimant] as the prevailing party. Thus, the district court correctly decline[s] to

award the fees directly to counsel [despite evidence of an assignment]." *Winslow v. Astrue*, 269 F. App'x 838, 839 (10th Cir. 2008) (unpublished);[1] *see also Hall v. Astrue*, 272 F. App'x 701, 702 (10th Cir. 2008) (unpublished) ("The private contractual agreement between [the claimant] and his counsel is a collateral matter, which the district court was not required to address when considering the EAJA fees motion.").

IT IS THEREFORE ORDERED that Plaintiff's Motion is GRANTED. The Court orders an award of attorney fees and costs to Plaintiff pursuant to the Equal Access to Justice Act in the total amount of $7,346.00 payable directly to Plaintiff, consisting of $6,996.00 as compensation for his attorney and $350.00 as reimbursement for the filing fee. Should an additional award of attorney fees under 42 U.S.C. § 406(b) subsequently be authorized, Plaintiff's attorney shall reimburse Plaintiff for the smaller award as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 1st day of June, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] *Unpublished opinions cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).*